UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMY GRIFFIN                                                                                         PETITIONER

VERSUS                                                  CIVIL ACITON NO. 3:16-cv-261-TSL-RHW

WARDEN MOSLEY                                                                                   RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Tommy Griffin's (Petitioner) *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. [1]. Petitioner challenges a disciplinary proceeding and subsequent revocation of good-conduct time towards his sentence. Specifically, Petitioner argues that: (1) his due process rights were violated because he did not receive timely notice of the disciplinary charges against him; and (2) the DHO found him guilty without sufficient evidence. *Id.* at 4-5. Respondent counters that: (1) the delivery of the incident report comported with due process; and (2) the DHO had sufficient evidence to find Petitioner guilty of violating Code 115. Doc. [6].

**FACTUAL BACKGROUND**

Petitioner currently is serving a 100-month sentence at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi on a drug-related conviction. Doc. [6-1] at 2-3. His projected release date is April 11, 2021. *Id.* at 4. On February 14, 2015, Officer P. Johnson observed Petitioner standing near the exit gate in the recreation yard at FCC-Yazoo City. Doc. [6-2] at 2. After another inmate handed an unknown object to Petitioner, Petitioner began walking towards the exit gate. *Id.* Officer Johnson gave Petitioner "several direct orders to stop" before he eventually complied. *Id.* When Johnson began to ask Petitioner questions, the Officer noticed that Petitioner's mouth was "not opening properly." *Id.* Petitioner complied when Officer Johnson asked him to open his mouth. Johnson noticed "an off-white rock-like substance under

his tongue." *Id.* When the Officer asked Petitioner what was under his tongue, Petitioner "closed his mouth and swallowed it." *Id.*

On February 14, 2015, the same day of the incident, Officer Johnson wrote an initial Incident Report. Doc. [6-3]. Two alleged violations were listed on the report: (1) Code 115, Destroying and/or Disposing of Any Item During a Search, and (2) Code 307, Refusing to Obey the Order of Any Staff. *Id.* at 2. On February 15, 2015, this initial Incident Report was delivered to Petitioner. *Id.* On February 18, 2015, the Incident Report was revised to include a change to Petitioner's unit. [6-3] at 2. However, the facts and alleged violations were unaltered. The revised Incident Report was delivered to Petitioner the same day, February 18, 2015. Doc. [6-2] at 2. On February 23, 2015, Petitioner received notice of a disciplinary hearing before a Disciplinary Hearing Officer (DHO). Doc. [6-4] at 2. Petitioner waived his rights to call witnesses or retain a staff representative. *Id.*

On March 2, 2015, the DHO hearing took place. Doc. [6-5] at 2. At the hearing, Petitioner stated that he understood his rights and he denied the charges. *Id.* When asked for further comment, Petitioner stated that he took a urinalysis, "there was nothing found" and he "was clean." *Id.* The DHO found Petitioner guilty of violating Code 115, but did not find Petitioner guilty of a Code 307 violation. *Id.* at 2-3. The DHO relied upon evidence from the reporting officer, the mouth diagram attached to the incident report, and Petitioner's own denial of the charges. *Id.* at 3. The DHO placed greater weight upon the staff member's account, stating that it was more credible and believable. *Id.* Petitioner's resulting sanctions included the loss of 41 days of good-conduct time. *Id.* at 4. The DHO report was written March 13, 2015, and delivered to Petitioner on March 16, 2015. *Id.* at 5.

## LAW AND ANALYSIS

### I. Due Process Violation

Petitioner argues that his procedural due process rights were violated because the Incident Report was not delivered to him "within the required 24-hour time period after the incident happened." Doc. [1] at 4, 10. Rather, he asserts that the Incident Report was not delivered until February 18, 2015, four days after the incident occurred, and that "no waiver was given for this mandated time period." Doc. [1] at 4. As will be discussed below, Petitioner's disciplinary process complied with the procedural requirements of *Wolff*, and therefore comported with due process.

A federal prisoner holds a protected liberty interest in good-conduct time; therefore, due process protections must be afforded prior to its revocation. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, the Supreme Court has explained that "the full panoply of rights due a defendant in [criminal] proceedings" do not apply in prison disciplinary proceedings. *Wolff*, 418 U.S. at 556. Under *Wolff*, due process is satisfied when the inmate is given: (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present witness testimony and documentary evidence; (3) assistance at the hearing if requested; (4) an impartial tribunal; and (5) a written statement of the evidence relied upon and the reason for the disciplinary action. *Id*. at 563-70.

First, Petitioner received notice of the charges more than 24 hours in advance of the hearing. Petitioner argues that he did not receive an Incident Report until February 18, 2015, and that he "was not served two Incident Reports." Doc. [1] at 2. His arguments miss the point. The original Incident Report indicates a delivery date of February 15, 2015. Doc. [6-3] at 2. Petitioner received the revised Incident Report on February 18, 2015, a fact which he admits in his petition. Doc. [1] at 4; Doc. [6-3] at 2. The DHO hearing took place March 2, 2015. [6-5] at

3

2. Consequently, even if Petitioner did not receive the initial Incident Report, the record reflects that he received at least 24 hours advance written notice of the charges when he received the revised Incident Report on February 18, 2015.

Second, Petitioner waived the opportunity to call witnesses and present documentary evidence. Doc. [6-4] at 2. Third, the record reflects that Petitioner waived the opportunity to have a staff representative. *Id.* Fourth, the record indicates that Petitioner appeared before an impartial tribunal, as the DHO was not involved in the incident, the investigation, or the preparation of the Incident Report. Doc. [6-5]. Fifth, Petitioner received a copy of the DHO Report on March 16, 2015, which contained a written statement of the evidence relied upon and outlined the reasons supporting the DHO's decision. *Id.* Thus, the undersigned finds that Petitioner's disciplinary hearing complied with the procedures prescribed by *Wolff* and did not violate Petitioner's right to due process.

Petitioner does not identify any deficiency in the *Wolff* criteria. Rather, Petitioner argues he did not receive a copy of the Incident Report within 24-hour "mandated time period" after the incident. While Petitioner does not explain the basis of this alleged deficiency, Petitioner's assertion appears to be based on BOP's Program Statement 5270.09 and C.F.R. § 541.5(a). Doc. [6] at 5. Section 541.5(a) states that an inmate "will *ordinarily* receive the incident report within 24 hours of staff becoming aware of...the incident." Doc. [6-6] at 2 (emphasis added). However, BOP policy does not "mandate" this 24-hour time period; the term "ordinarily" merely suggests this period for delivery and does not mandate a strict time frame. Further, *Wolff* only requires delivery 24 hours before the *hearing*, not within 24 hours after the incident. *See Glaude v. Longley*, No. 5:11-cv-125-DCB-RHW, 2012 WL 5335296, at *3 (S.D.Miss. Oct. 1, 2012).

In the instant case, the original Incident Report was completed February 14, 2015, at 2:50 p.m., and delivered to Petitioner February 15, 2015 at 2:10 p.m. Doc. [6-3] at 2. The revised Incident Report was completed February 18, 2015 and delivered to Petitioner the same day at 2:40 p.m. Doc. [6-2] at 2. Thus, the original Report was delivered within 24 hours of the incident, and both Reports were delivered more than 24 hours before the disciplinary hearing. Even if the "ordinary" time period was violated, a violation of BOP policy does not amount to a violation of due process. The Fifth Circuit has held that "a prison official's failure to follow the prison's own policies does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). As explained above, Petitioner's disciplinary proceeding met all the constitutional minima outlined in *Wolff*.

## II. Sufficient Evidence

Petitioner argues that he "did not violate BOP rules by refusing the order of Officer Johnson." Doc. [1] at 5. Petitioner provides three affidavits to support his argument and asserts that they "conclusively show that at no time did he ever refuse a direct order." *Id.* It appears that Petitioner is referring to the alleged violation of Code 307: Refusing to Obey an Order of Any Staff Member. Indeed, Petitioner was not found guilty of this offense. *See* Doc. [6-5] at 2. Thus, his argument is without merit. Moreover, there was sufficient evidence to support the DHO's finding that Petitioner did violate Code 115: Disposing of Any Item During a Search.

In prison disciplinary actions, due process is satisfied when there is "some evidence" to show that the inmate committed the charged offense. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The Court must consider "whether any evidence at all" supports the DHO's conclusion. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981); *see Pina*

5

*v. Tamez*, 470 F. App'x 298, 299 (5th Cir. 2012) (explaining that a disciplinary proceeding will only be overturned "where there is no evidence whatsoever" to support the conclusion).

The DHO concluded that Petitioner violated Code 115: Disposing of Any Item During a Search. Doc. [6-5] at 2-3. Specific evidence relied upon by the DHO included the written statement of the reporting staff member, the diagram of the human mouth, and Petitioner's denial of the incident. *Id.* at 3. However, the DHO gave "greater weight to the staff member's account of the incident" because it was "more credible and believable." *Id.* Therefore, the evidence presented at the DHO hearing was sufficient to meet the "some evidence" standard. Specifically, the eyewitness testimony offered by the reporting officer constitutes "some evidence" in support of the DHO's decision. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (holding that the Incident Report "standing alone" was sufficient to meet the "some evidence" standard of *Superintendent*). Accordingly, the undersigned concludes that the record before the Court contains evidentiary support for the disciplinary ruling.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Tommy Griffin's 28 U.S.C. § 2241 petition be DENIED and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objects are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on

all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE